**NEWMAN et al., Appellants,**

v.

**ENRIQUEZ, Appellee.**

[Cite as *Newman v. Enriquez,* 171 Ohio App.3d 117, 2007-Ohio-1934.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 06CA3091.

Decided April 17, 2007.

118

Dagger, Johnston, Miller, Ogilvie & Hampson, D. Joe Griffith, and Jeff J. Spangler, for appellants.

Reminger & Reminger Co., L.P.A., Lisa R. House, and James J. Brudny Jr., for appellee.

KLINE, Judge.

{¶ 1} David and Linda Newman appeal the summary judgment of the Scioto County Common Pleas Court favoring attorney Rick Enriquez on their refiled malpractice claim under the saving statute. The Newmans contend, inter alia, that the court erred when it concluded that they were not the real parties in interest when they initially filed their malpractice claim, and thus lacked standing, because the trustee of their Chapter 7 bankruptcy estate had title to their claim. We agree with the Newmans. We hold that when the bankruptcy trustee abandoned the claim, after the expiration of the statute of limitations and before the Newmans dismissed their initial claim, the Newmans became the real parties in interest, which related back to the initial filing of their claim. Accordingly, we reverse the summary judgment of the trial court and remand this cause for further proceedings consistent with this decision.

I

{¶ 2} Enriquez agreed to represent the Newmans in a Chapter 13 bankruptcy filing. On June 7, 2004, Enriquez filed the Newmans' Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court, Southern District of Ohio. Sixteen days later, the bankruptcy court's docket reflects that the Newmans, still represented by Enriquez, voluntarily converted the bankruptcy to a Chapter 7 filing. On November 16, 2004, the Newmans filed a notice of substitution of counsel terminating Enriquez's representation in the bankruptcy proceeding. Then, in December 2004, the Newmans filed an amended Chapter 7 petition, listing a potential cause of action for legal malpractice against Enriquez in the Schedule B disclosure of their assets.

{¶ 3} On August 1, 2005, the bankruptcy court granted the Newmans a discharge from bankruptcy under Section 727, Title 11, U.S.Code. The Newmans filed a complaint against Enriquez in the Scioto County Court of Common Pleas, case No. 05–CIA–11, on September 15, 2005. The complaint listed four counts, all arising out of Enriquez's alleged legal malpractice in his representation of the Newmans after their initial bankruptcy filing. The essence of the Newmans' complaint was that Enriquez improperly advised them to convert their Chapter 13 bankruptcy filing to a Chapter 7 filing without advising them either of the consequences of the conversion or of the fact that it was not possible to reinstate a Chapter 13 bankruptcy after the conversion. The Newmans alleged that as a result of Enriquez's conduct, the bankruptcy trustee closed their business, marshaled all of their assets, and sold those assets below market value, causing them damages in excess of $200,000.

{¶ 4} After the bankruptcy court discharged the Newmans from bankruptcy on August 1, 2005, the trustee filed a final report and accounting with the bankruptcy court on October 20, 2005, which showed that the trustee had paid in full all of the claims against the estate, with the exception of timely unsecured creditors, who the trustee compensated for 99.92% of their claims.

{¶ 5} Enriquez answered the Newmans' complaint and asserted a number of defenses, including that the Newmans lacked standing to bring the action. Enriquez then moved the court to either dismiss the Newmans' complaint pursuant to Civ.R. 12(B)(6) or 12(C), or to grant him summary judgment on the ground that the Newmans lacked standing to assert their claims. Enriquez asserted that the Newmans' cause of action constituted an asset of their bankruptcy estate. Therefore, he claimed that only the bankruptcy trustee had standing to file suit. The Newmans opposed the motion. On January 30, 2006, during the pendency of the motion, the bankruptcy trustee abandoned the malpractice claim pursuant to Section 554(a), Title 11, U.S.Code.

{¶ 6} Before the trial court had the opportunity to rule upon Enriquez's motion, the Newmans voluntarily dismissed their complaint pursuant to Civ.R. 41(A), without prejudice, on February 16, 2006. They immediately refiled their complaint in case No. 06CIA2. In his answer to the refiled complaint, Enriquez raised a number of defenses, including that the Newmans had lacked standing to bring the original action, and thus, the original action was never properly prosecuted. Consequently, he asserted, the Newmans could not claim the benefit of R.C. 2305.19, the Ohio saving statute.

{¶ 7} Enriquez then moved the court to either dismiss the Newmans' complaint pursuant to Civ.R. 12(B), Civ.R. 12(C), or Civ.R. 56(C). Enriquez again claimed that the Newmans had lacked standing to bring the original lawsuit because their claim against him constituted an asset of their bankruptcy estate, and therefore, they were not real parties in interest. Enriquez reasoned that because the Newmans had lacked standing to prosecute their claim against him when they filed their initial complaint and did not obtain standing until the bankruptcy trustee abandoned their malpractice claim on January 30, 2006, they never properly prosecuted their original action against him. Therefore, he asserted, they could not claim the benefit of the Ohio saving statute to refile their complaint against him. Further, Enriquez claimed that because the Newmans had lacked standing to file their original complaint and because they could not claim the benefit of the Ohio saving statute, the statute of limitations barred their malpractice claim.

{¶ 8} The Newmans opposed Enriquez's motion. They asserted that their cause of action against Enriquez was never the property of the bankruptcy estate because it had arisen after their initial Chapter 13 bankruptcy filing. Alternatively, the Newmans claimed that if the cause of action had become an asset of the bankruptcy estate, the bankruptcy trustee timely abandoned it. Upon abandonment by the trustee, the Newmans claimed, their cause of action returned to their control as if no bankruptcy had occurred. They further asserted that pursuant to Civ.R. 17(A), the trustee's abandonment of the cause of action ratified the filing of their initial action, and the ratification related back, making them real parties in interest at the time they filed their initial complaint. Because the parties and the cause of action were the same in the original action and the refiled action, the Newmans asserted that they could benefit from the Ohio saving statute.

{¶ 9} On June 20, 2006, the trial court issued an entry dismissing the complaint. The trial court found that the statute of limitations for the Newmans' cause of action for malpractice expired on November 16, 2005—one year after they terminated Enriquez's representation. The court also found that the cause of action became an asset of the Newmans' bankruptcy estate because the

Newmans listed it on their amended Chapter 7 bankruptcy petition. Therefore, the court concluded, only the bankruptcy trustee had standing to assert the claim unless and until the trustee abandoned the claim.

{¶ 10} The court found that the trustee had formally abandoned the claim on January 30, 2006, after the applicable statute of limitations expired. However, the court found that the Newmans had no reasonable expectation that they would obtain standing before the statute of limitations expired because there was no expectation or requirement that the trustee abandon the claim. Because the court found that permitting the Newmans to cure their lack of standing after the statute of limitations had run would effectively eliminate the statute of limitations with regard to their claim, the court held that the Newmans could not cure their lack of standing after the statute of limitations expired.

{¶ 11} The Newmans now appeal, raising the following assignments of error: I. "The Trial Court committed reversible error in determining that a post-petition or after-acquired asset was property of the bankruptcy estate." II. "The Trial Court committed reversible error in determining that the plaintiffs lacked a standing to bring their initial claim." III. "The Trial Court committed reversible error in determining that the statute of limitations on the plaintiffs' claims had run." IV. "The Trial Court committed reversible error by determining that lack of standing cannot be cured during the pendency of a lawsuit." V. "The Trial Court committed reversible error by determining that the plaintiffs' cause of action was not timely abandoned by the Bankruptcy Trustee."

## II

{¶ 12} Initially, we note that Enriquez moved the court to dismiss the Newmans' claim pursuant to Civ.R. 12, or, in the alternative, to grant him summary judgment pursuant to Civ.R. 56. Therefore, we must determine how the trial court proceeded in order to determine the appropriate standard of review on appeal.

{¶ 13} Civ.R. 12(B) provides, "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56."

{¶ 14} Here, Enriquez plainly presented, and the court clearly considered, matters outside the pleadings. For example, the trial court found that the Newmans had filed an amended Chapter 7 bankruptcy petition in which they had listed their potential malpractice claim as an asset and that the bankruptcy

trustee had formally abandoned the claim on January 30, 2006. This information had to come from the bankruptcy court documents submitted in support of Enriquez's motion and the Newmans' memorandum contra because nothing in the pleadings supports these findings. Therefore, we conclude that despite the trial court's recital of the appropriate standard for granting a motion to dismiss, the court's entry actually granted Enriquez judgment pursuant to Civ.R. 56.

{¶ 15} A court may properly grant summary judgment when it finds that based upon the entire record, (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. Civ.R. 56. See *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411, 599 N.E.2d 786.

{¶ 16} The movant bears the initial burden of demonstrating that no genuine issue of material fact exists. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 662 N.E.2d 264, citing *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. The movant bears this burden even for issues for which the nonmoving party may bear the burden of proof at trial. Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * * He must present evidentiary materials showing that a material issue of fact does exist." *Morehead,* 75 Ohio App.3d at 413, 599 N.E.2d 786.

{¶ 17} An appellate court reviews a trial court's decision regarding a motion for summary judgment de novo. See, e.g., *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243; *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Thus, in determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law. An appellate court must independently review the record to determine whether summary judgment was appropriate, and it need not defer to the trial court's decision. See *Brown v. Scioto Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153; *Morehead,* 75 Ohio App.3d at 411–412, 599 N.E.2d 786.

{¶ 18} Before we proceed to the merits of the Newmans' appeal, there is an additional procedural anomaly we must address. We note that in their brief, the Newmans fail to separately argue each of their assignments of error as required by App.R. 16(A)(7). Instead, they present one argument in support of assignments of error one and two, one argument in support of assignments of error

three and five, and a separate argument in support of assignment of error four. App.R. 12(A)(2) authorizes us to disregard any assignment of error that an appellant fails to separately argue. Therefore, we could exercise our discretionary authority to summarily overrule the assignments of error that the Newmans have failed to argue separately and affirm the decision of the trial court. *Mtge. Electronic Registrations Sys. v. Mullins*, 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, at ¶ 22, citing *Park v. Ambrose* (1993), 85 Ohio App.3d 179, 619 N.E.2d 469; *State v. Caldwell* (1992), 79 Ohio App.3d 667, 677, 607 N.E.2d 1096, fn. 3; *State v. Houseman* (1990), 70 Ohio App.3d 499, 507, 591 N.E.2d 405. However, in the interest of justice, we choose to address the assignments of error.

### III

{¶ 19} In their first assignment of error, the Newmans contend that the trial court committed reversible error in determining that a post-petition or after-acquired asset constituted property of the bankruptcy estate.

{¶ 20} Upon the commencement of a bankruptcy case, all of a debtor's property becomes property of the estate. Section 541, Title 11, U.S.Code; *Folz v. BancOhio Natl. Bank* (S.D.Ohio 1987), 88 B.R. 149, 150. The code broadly interprets the term "property" to include all interests of a debtor, whether they are legal or equitable, tangible or intangible. Id. This definition necessarily includes any unliquidated legal claims that a debtor may have against other parties. *McLynas v. Karr*, Franklin App. No. 03AP–1075, 2004-Ohio-3597, 2004 WL 1516849, at ¶ 13.

{¶ 21} Additionally, in the context of a Chapter 13 bankruptcy proceeding, property of the estate includes "all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7." Section 1306, Title 11, U.S.Code. But Section 348(f), Title 11, U.S.Code provides that unless a debtor converts a Chapter 13 proceeding in bad faith, "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the [Chapter 13] petition, that remains in the possession of or is under the control of the debtor on the date of conversion." Section 348(f)(1)(A) & (2), Title 11, U.S.Code. Therefore, when a debtor converts a case from Chapter 13 to Chapter 7, ordinarily, any property acquired by the debtor after the commencement of the case but before conversion does not become property of the estate in the converted case. *In re Bejarano* (Bankr.N.D.Ohio 2003), 302 B.R. 559, 561–562.

{¶ 22} Generally, the determination of whether a cause of action constitutes an asset of a debtor's bankruptcy estate is of the utmost importance, because once an asset becomes part of the bankruptcy estate, it remains part of the estate unless the trustee abandons it. *McGlone v. Blaha* (Nov. 17, 2000), Ross App. No. 99CA2533, 2000 WL 1725423. Where causes of action are property of the bankruptcy estate, they "constitute property rights which are vested solely in the trustee in bankruptcy and subject to his or her sole control. Accordingly, only the trustee * * * has standing to bring the claims * * *." *Folz v. BancOhio Natl. Bank* (S.D.Ohio 1987), 88 Bankr. 149, 150.

{¶ 23} Here, the parties disagree as to whether the Newmans' malpractice cause of action became part of their bankruptcy estate. The Newmans contend that the cause of action did not arise until after they filed their Chapter 13 petition. Therefore, they assert, it did not become part of the bankruptcy estate. However, the Newmans filed a voluntary amended petition on December 14, 2004, in which they included "Potential malpractice claim against Rick Enriquez" in the schedule of personal property. Enriquez asserts, and the trial court determined, that by virtue of this disclosure, the Newmans' malpractice claim became an asset of the bankruptcy estate. But, in both their "Memorandum Contra Enriquez's Motion for Summary Judgment" and their brief on appeal, the Newmans failed to address the effect, if any, of their disclosure in their amended petition.

{¶ 24} We find it unnecessary to conclusively determine whether the cause of action became an asset of the bankruptcy estate because the parties agree that the bankruptcy trustee expressly abandoned any interest that the bankruptcy estate may have had in the malpractice cause of action on January 30, 2006. Therefore, for purposes of this decision, we assume, arguendo, that the Newmans' malpractice claim was an asset of the bankruptcy estate, and we proceed to address the effect of the trustee's abandonment of the claim. Accordingly, we overrule the Newmans' first assignment of error.

## IV

{¶ 25} The Newmans' four remaining assignments of error involve three main issues: (1) whether the trial court erred in holding that the Newmans could not cure their lack of standing after the statute of limitations expired; (2) whether R.C. 2305.19, the Ohio saving statute, applies to permit the Newmans to refile their complaint; and (3) whether the trial court properly granted Enriquez's motion for summary judgment. The Newmans contend that upon the bankruptcy trustee's express abandonment of their malpractice claim during the pendency of their initial action, they became the real parties in interest. They further assert that their status as real parties in interest relates back to the filing of their initial complaint. Because their status as real parties in interest relates back to the

filing of their initial complaint, they contend that they may claim the benefits of R.C. 2305.19 to refile their complaint.

{¶ 26} When a bankruptcy trustee abandons property in accordance with Section 554, Title 11, U.S.Code, it ceases to be a part of the bankruptcy estate and reverts to the debtor as if he never filed a bankruptcy petition. See, e.g., *Brown v. O'Keefe* (1937), 300 U.S. 598, 602, 57 S.Ct. 543, 81 L.Ed. 827; See, also, *Dewsnup v. Timm* (1992), 502 U.S. 410, 414, 112 S.Ct. 773, 116 L.Ed.2d 903.

{¶ 27} Here, the trustee's abandonment of property, which both the Newmans and Enriquez submitted to the trial court, specifically acknowledges that the trustee abandoned the malpractice claim against Enriquez pursuant to Section 554(a), Title 11, U.S.Code. The issue then becomes whether the trustee's abandonment of the malpractice cause of action after the expiration of the relevant statute of limitations relates back so that the Newmans are deemed parties in interest at the time they filed their initial complaint.

{¶ 28} R.C. 2305.11(A) provides, "An action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim * * * shall be commenced within one year after the cause of action accrued * * *." In *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 58, 538 N.E.2d 398, the Ohio Supreme Court held, "An action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." (Citation omitted.)

{¶ 29} Here, the Newmans terminated Enriquez representation on November 16, 2004. They do not assert that the date they discovered or should have discovered the alleged malpractice occurred after that date. Therefore, we conclude that the statute of limitations expired on November 16, 2005. However, as previously stated, the trustee did not abandon their malpractice claim in accordance with Section 554, Title 11, U.S.Code until January 30, 2006.

{¶ 30} Before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue. *Ohio Contrs. Assn. v. Bicking* (1994), 71 Ohio St.3d 318, 320, 643 N.E.2d 1088. Whether a party has standing depends upon whether he has a "personal stake in the outcome of the controversy." *Middletown v. Ferguson* (1986), 25 Ohio St.3d 71, 75, 25 OBR 125, 495 N.E.2d 380. The requirement that a party have standing ensures that " 'the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution.' " *Sierra Club v.*

*Morton* (1972), 405 U.S. 727, 732, 92 S.Ct. 1361, 31 L.Ed.2d 636, quoting *Flast v. Cohen* (1968), 392 U.S. 83, 101, 88 S.Ct. 1942, 20 L.Ed.2d 947.

{¶ 31} Additionally, Civ.R. 17 requires every civil action to be prosecuted in the name of the real party in interest. "The real party in interest is generally considered to be that person who can discharge the claim on which suit is brought * * * [or] is the party who, by substantive law, possesses the right to be enforced." *In re Highland Holiday Subdivision* (1971), 27 Ohio App.2d 237, 240, 56 O.O.2d 404, 273 N.E.2d 903. If a party to an action is not the real party in interest, the party lacks standing to prosecute the action. *State ex rel. Jones v. Suster* (1998), 84 Ohio St.3d 70, 77, 701 N.E.2d 1002. But Civ.R. 17(A) provides, "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." The lack of standing may be cured by the proper party's substitution or ratification so that a court otherwise having subject matter jurisdiction may proceed to adjudicate the matter. *Jones*, 84 Ohio St.3d at 77, 701 N.E.2d 1002, citing Civ.R. 17.

{¶ 32} Here, the Newmans were not the real parties in interest and lacked the requisite standing to prosecute their claim when they commenced their initial action against Enriquez because their malpractice claim was an asset of the bankruptcy estate. However, based upon the fact that title to the malpractice claim reverted to them upon the trustee's abandonment of the claim—i.e., as if they had never filed a bankruptcy petition—and the provisions of Civ.R. 17(A), the Newmans maintain that they were effectively the real parties in interest at the time they filed their initial complaint.

{¶ 33} The Newmans cite *Barletta v. Tedeschi* (N.D.N.Y.1990), 121 B.R. 669, for the proposition that the statute of limitations will not bar an action filed by a bankrupt who lacks standing at the time of filing, but later obtains standing through the bankruptcy trustee's abandonment of the cause of action. In *Barletta*, the trustee indicated his intention to abandon the plaintiff's claims in a letter to the plaintiff, but took no action to formally abandon those claims. Id. at 674. Seeking to avoid the bar of the statute of limitations, the plaintiff commenced the action during the pendency of his bankruptcy, although he did not have title to the claims at that time. Id. The closing of the plaintiff's bankruptcy estate eventually resulted in the abandonment of the plaintiff's claims, albeit after the expiration of the applicable statute of limitations. Id. In determining that the plaintiff was the real party in interest by virtue of the bankruptcy trustee's abandonment of the claim, the court noted: "Dismissing the plaintiff's claim for

lack of standing here would create the inequitable result of extinguishing the plaintiff's claim through the inaction of the trustee, who did not intend to pursue the claim but did not abandon it, while at the same time preventing the plaintiff from taking action until it was too late." Id.

{¶ 34} Here, the trial court distinguished the holding in *Barletta,* finding, "The *Barletta* court had a stronger factual basis to extend the debtor the right to bring the claim because the debtor contacted the bankruptcy trustee early in the proceedings and the trustee acknowledged he had no intent to pursue the claim but nonetheless failed to abandon." The court found that there was no evidence that the Newmans' bankruptcy trustee intended to abandon the claim until after the statute of limitations had run. We disagree.

{¶ 35} The Newmans received their discharge from bankruptcy on August 1, 2005, well before the statute of limitations expired. Furthermore, the "Amended Final Report and Account of Trustee Application for Compensation and Reimbursement of Expenses, Claims Analysis, and Abandonments," filed by the trustee on October 20, 2005, demonstrates that all of the claims against the estate were paid in full, with the exception of timely unsecured creditors, who were compensated for 99.92% of their claims. The trustee's amended final report also expressly states: "Any property not previously abandoned and not administered will be abandoned, if no objection is filed, effective 30 days from the mailing of the Notice and Opportunity for Hearing on Applications for Compensation and Reimbursement of Expenses, Final Report and Account, Claims Analysis and Abandonments." Thus, it appears that when the Newmans filed their initial claim, they had a reasonable expectation that the trustee would soon abandon their malpractice claim and that they would become the real parties in interest.

{¶ 36} Furthermore, the Ohio Supreme Court has acknowledged, "It is well settled that where a substitution by amendment makes no change in the cause of action, the amendment relates back to the commencement of the suit and stops the running of the statute of limitations at that point. If the substituted plaintiff introduces a new cause of action, the defense of the statute is available." *Second Natl. Bank v. Am. Bonding Co.* (1916), 93 Ohio St. 362, 371, 113 N.E. 221. This view has been adopted by the majority of jurisdictions considering this issue. See 8 A.L.R.2d 6, Sections 30 and 33; 105 A.L.R. 610. But, c.f., *Motorist Mut. Ins. Co. v. Cook* (1971), 31 Ohio App.2d 1, 60 O.O.2d 25, 285 N.E.2d 389. In adopting this view, the Indiana Supreme Court noted, "[T]he defendants in these cases were not unfairly prejudiced—they had notice of the claims against them and the amended complaints were identical in all respects except of course for the substitution of the names of the real parties in interest." *Hammes v. Brumley* (1995), 659 N.E.2d 1021, 1030.

{¶ 37} If the rule permits the substitution of the real party in interest to relate back, avoiding the bar of the statute of limitations, logic dictates that it applies equally where the party commencing the action becomes the real party in interest during the pendency of the action. The authors of Baldwin's Ohio Civil Practice espouse this view: "On principle, the running of the statute of limitations should not bar a cure by ratification or substitution in single-interest claims which have been asserted by one who is not a real party in interest * * *. In such cases, the cure by ratification or substitution does not in any way change the nature of the claim nor does it increase the potential liability of the defender * * *." Klein & Darling, Baldwin's Ohio Civil Practice (2006), Section 17:29.

{¶ 38} Here, we find that the Newmans actually obtained the status of real parties in interest on January 30, 2006, when the trustee formally abandoned their claims. At that time, their malpractice claim against Enriquez ceased to be a part of the bankruptcy estate and reverted to them as if they never filed a bankruptcy petition. See *Brown* and *Dewsnup,* supra. Pursuant to Civ.R. 17(A) the trustee's ratification of the Newmans' initial action by virtue of his abandonment of their malpractice claim relates back to the filing of their initial complaint on September 15, 2005, and stops the statute of limitations at that point. See *Second Natl. Bank,* supra. Accordingly, we conclude that the Newmans were the real parties in interest and had standing to prosecute their malpractice claim against Enriquez at the time they filed their initial complaint.

{¶ 39} In his brief, Enriquez contends that the Newmans failed to make any attempt to cure their real party in interest/standing defect during the pendency of their initial lawsuit. Instead, he contends that they elected to voluntarily dismiss their original lawsuit "without standing" and immediately refile it "with standing." Enriquez's argument appears to allude to the Newmans' failure to submit the trustee's formal abandonment of the claim to the trial court before they voluntarily dismissed their initial complaint pursuant to Civ.R. 41(A) and immediately refiled it pursuant to R.C. 2305.19(A).

{¶ 40} The Ohio saving statute, R.C. 2305.19(A), provides, "In any action that is commenced or attempted to be commenced, if in due time * * * the plaintiff fails otherwise than upon the merits, * * * the plaintiff's representative may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." For the saving statute to apply, the original action and the new action must be substantially the same. *Children's Hosp. v. Ohio Dept. of Pub. Welfare* (1982), 69 Ohio St.2d 523, 525, 23 O.O.3d 452, 433 N.E.2d 187. The actions are not substantially similar if they involve different parties. Id.

{¶ 41} Here, the undisputed evidence submitted demonstrates that the trustee abandoned the malpractice claim during the pendency of the initial action. At the time of the trustee's abandonment, the Newmans' claim against Enriquez ceased to be a part of the bankruptcy estate and reverted to them as if they had never filed a bankruptcy petition. Further, pursuant to Civ.R. 17(A), the trustee's ratification of the Newmans' initial action by virtue of his abandonment of their malpractice claim relates back to the filing of their initial complaint on September 15, 2005, and stops the statute of limitations at that point. Thus, the Newmans were proper parties to their initial, timely commenced action. The Newmans' initial action failed otherwise than upon the merits when they voluntarily dismissed it pursuant to Civ.R. 41(A)(1)(a). The parties and the claims in the original action and the refiled action are identical. Furthermore, the Newmans refiled their complaint one minute after dismissing their original complaint. Therefore, the Newmans' refiled action is timely under R.C. 2305.19(A).

{¶ 42} Maybe the Newmans should have conclusively demonstrated their status as the real parties in interest before they voluntarily dismissed their initial complaint. But Civ.R. 41(A)(1)(a) permits a party to file a notice of dismissal at any time before the commencement of trial, without prejudice. Thus, we find no reason to prevent the Newmans from demonstrating, in the course of their refiled case, that they had obtained the requisite standing during the pendency of their initial complaint. This view comports with the mandate of Civ.R. 1(B), that courts construe and apply the Civil Rules "to effect just results." Moreover, it does not unfairly prejudice Enriquez because (1) he had timely notice of the claim against him; (2) he concedes that the Newmans' bankruptcy trustee abandoned the claim on January 30, 2006; and (3) he, himself, submitted a copy of the trustee's abandonment to the trial court in the initial action.

{¶ 43} Based upon the foregoing, we sustain the Newmans' assignments of error two through five. Because we find that Enriquez was not entitled to summary judgment as a matter of law, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

ABELE, J., concurs.

MCFARLAND, P.J., dissents.