[Cite as *Fleenor v. Karr*, 196 Ohio App.3d 555, 2011-Ohio-5706.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

| | | | |
|---|---|---|---|
| FLEENOR, | : | | |
| | : | | |
| Appellant, | : | Case No: 10CA814 | |
| | : | | |
| v. | : | | |
| | : | <u>DECISION AND</u> | |
| KARR, | : | <u>JUDGMENT ENTRY</u> | |
| | : | | |
| Appellee. | : | Filed: November 1, 2011 | |

<u>APPEARANCES:</u>

Seif & Shugart, L.L.C., Jason Shugart, and D. Dale Seif Jr., for appellant.

Rodeheffer and Miller, Ltd., and Stephen C. Rodeheffer, for appellee.

K<small>LINE</small>, Judge

{¶ 1} Rae L. Fleenor appeals the judgment of the Pike County Court of Common Pleas, which found R.C. 2315.21(B) to be substantive and, therefore, constitutional. As a result, the trial court bifurcated Fleenor's trial in accordance with R.C. 2315.21(B). On appeal, Fleenor argues that R.C. 2315.21(B) is procedural and, therefore, unconstitutional. Because R.C. 2315.21(B) clearly and unambiguously regulates the procedure for determining compensatory and punitive damages in a tort action, we agree. Accordingly, we sustain Fleenor's assignments of error and reverse the judgment of the trial court.

**{¶ 2}** On September 28, 2007, Fleenor filed a complaint against Sharon H. Karr. Later, in a third amended complaint, Fleenor asserted several tort claims and requested punitive damages.

**{¶ 3}** The trial court scheduled a trial for October 18, 2010. On October 12, 2010, Karr filed a motion to "bifurcate the trial on damages in accordance with R.C. §2315.21." Specifically, Karr requested that "the initial phase of the trial in this matter deal solely with the issues of liability and compensatory damages, if any. [And] in the event the jury returns a verdict as required in §2315.21(B)(1)(b)[,] that the issue of punitive damages be tried in a second stage."

**{¶ 4}** On October 18, 2010, the trial court granted Karr's motion to bifurcate. The trial court found (1) that R.C. 2315.21(B) applies to the present case, (2) that R.C. 2315.21(B) requires bifurcation upon the motion of a party, and (3) that the trial court would not have been inclined to bifurcate the trial but for R.C. 2315.21(B). Additionally, the trial court held that "R.C. 2315.21(B) is substantive and, therefore, does not violate the separation of powers required by the Modern Courts Amendment of 1968, Section 5(B), Article IV of the Ohio Constitution[.]"

**{¶ 5}** Fleenor appeals from the trial court's decision to bifurcate the trial in accordance with R.C. 2315.21(B). In her appellate brief, Fleenor asserts the following two assignments of error: I. "The trial court committed reversible error by holding R.C. §2315.21(B)(1) is constitutional, when R.C. §2315.21(B)(1) eliminates the judicial discretion whether to bifurcate a trial into two phases pursuant to Civ.R.42(B) under the authority of the Modern Courts Amendment of 1968, Section 5(B), and Article IV of the Ohio Constitution." II. "The trial court committed reversible error by violating Ohio's

separation of powers doctrine when the Court determined the procedural matter of bifurcation of trial was governed by R.C. §2315.21(B)(1) instead of Civ.R. 42(B)."

**{¶ 6}** Before addressing Fleenor's assignments of error, we must note the following procedural deficiency. In her appellate brief, Fleenor has failed to separately argue her assignments of error as required by App.R. 16(A)(7). Instead, Fleenor has presented just one argument in support of both assignments of error. And under App.R. 12(A)(2), we may choose to disregard any assignment of error that an appellant fails to separately argue. Therefore, we could exercise our discretionary authority to summarily overrule Fleenor's assignments of error. See *Newman v. Enriquez*, 171 Ohio App.3d 117, 2007-Ohio-1934, at ¶ 18; *Mtge. Electronic Registrations Sys. v. Mullins*, 161 Ohio App.3d 12, 2005-Ohio-2303, at ¶ 22, citing *Park v. Ambrose* (1993), 85 Ohio App.3d 179, 186; *State v. Caldwell* (1992), 79 Ohio App.3d 667, 677, fn. 3. We choose, however, to address Fleenor's assignments of error in the interest of justice. Furthermore, we will address her assignments of error together.

**{¶ 7}** Fleenor argues that R.C. 2315.21(B) is procedural and, therefore, unconstitutional.

**{¶ 8}** We review the constitutionality of a statute on a de novo basis. See, e.g., *State v. Anderson*, Athens App. No. 09CA18, 2009-Ohio-7014, at ¶ 4. Nevertheless, because all legislative enactments enjoy a strong presumption of constitutionality, "we must presume the constitutionality of the statute at issue." *State v. Benson* (1992), 81 Ohio App.3d 697, 700, citing *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 199, overruled on other grounds by *Brennaman v. R.M.I. Co.* (1994), 70 Ohio St.3d 460.

{¶ 9} The Eighth District Court of Appeals addressed the constitutionality of R.C. 2315.21(B) in *Havel v. Villa St. Joseph*, Cuyahoga App. No. 94677, 2010-Ohio-5251. Thus, to frame the issue, we will quote from *Havel* at length.

{¶ 10} "Section 5(B), Article IV of the Ohio Constitution states that the Ohio Supreme Court is vested with exclusive authority to 'prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.' Pursuant to this constitutional authority, the Supreme Court has adopted the Rules of Civil Procedure, which 'prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction.' Civ.R. 1(A).

{¶ 11} "Where a conflict arises between a rule and a statute, the court's rule will control for procedural matters; the legislature's statute will control for matters of substantive law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, ¶28; *State v. Slatter* (1981), 66 Ohio St.2d 452, 454[.] A statute is invalid and has no force or effect if it conflicts with the Ohio Rules of Civil Procedure. *Rockey v. 84 Lumber Co.* [(1993),] 66 Ohio St.3d 221, 223; *In re Coy* [(1993),] 67 Ohio St.3d 215, 219.

{¶ 12} "The statute at issue here, R.C. 2315.21(B), as amended by S.B. No. 80, effective April 7, 2005, states that '[i]n a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action *shall* be bifurcated * * *.' (Emphasis added.)

**{¶ 13}** "Civ.R. 42(B) of the Ohio Rules of Civil Procedure also addresses bifurcation and provides that '[t]he court, after a hearing, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, *may* order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims * * *.' (Emphasis added.)

**{¶ 14}** "Hence, the statute and the rule are in conflict. One requires bifurcation in a tort action; the other does not." *Havel v. Villa St.* Joseph, 2010-Ohio-5251, at ¶ 4-8.

**{¶ 15}** In *Havel*, the Eighth Appellate District found that R.C. 2315.21(B) is procedural and, therefore, unconstitutional. According to the court, "The language of R.C. 2315.21(B) plainly and unambiguously purports to regulate bifurcation procedure in trials of tort cases—a matter already regulated by Civ.R. 42(B). Where a statute conflicts with a rule of procedure, the rule controls on procedural matters. Accordingly, insofar as R.C. 2315.21(B) conflicts with Civ.R. 42(B), we find it unconstitutional, in violation of Section 5(B), Article IV of the Ohio Constitution." *Havel* at ¶ 30.

**{¶ 16}** The Tenth District Court of Appeals, however, reached the opposite conclusion in *Hanners v. Ho Wah Genting Wire & Cable*, Franklin App. No. 09AP-361, 2009-Ohio-6481. In reaching its decision, the court relied upon the "statement of findings and intent" as found in the "uncodified language associated with R.C. 2315.21(B)[.]" Id. at ¶ 24-25. As a result, the court held the following: "[B]ased on the General Assembly's express intent to create a right of bifurcation to address potential unfairness, we conclude that [R.C. 2315.21(B)] is substantive. In reaching this conclusion, we do not consider the wisdom of the General Assembly's public policy

choices. * * * Instead, having determined that the General Assembly's intent was to create a substantive right for certain litigants, we conclude that R.C. 2315.21(B) does not conflict with Civ.R. 42(B) in such a way as to violate the separation of powers required by Section 5(B), Article IV of the Ohio Constitution." *Hanners* at ¶ 30.

**{¶ 17}** Because of the conflict between *Havel* and *Hanners*, the Supreme Court of Ohio is currently considering the following issue: "Whether R.C. 2315.21(B), as amended by S.B. 80, effective April 7, 2005, is unconstitutional, in violation of Section 5(B), Article IV of the Ohio Constitution, because it is a procedural law that conflicts with Civ.R. 42(B)." *Havel v. Villa St. Joseph*, 127 Ohio St.3d 1530, 2011-Ohio-376. We must address the same issue in the present case. That is, do we agree with *Havel* or *Hanners*? Or, in other words, is R.C. 2315.21(B) substantive or procedural?

**{¶ 18}** "Substantive laws or rules relate to rights and duties giving rise to a cause of action, while procedural rules concern the 'machinery' for carrying on the suit." *Myers v. Brown*, Stark App. No. 2010-CA-00238, 2011-Ohio-892, at ¶ 13, citing *Norfolk S. RR. Co. v. Bogle*, 115 Ohio St.3d 455, 2007-Ohio-5248, at ¶ 16. Thus, to interpret R.C. 2315.21(B) and determine whether the statute is substantive or procedural, "[w]e must first look to the plain language of the statute itself to determine the legislative intent. * * * We apply a statute as it is written when its meaning is unambiguous and definite." *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, at ¶ 11. Furthermore, "an unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language." Id. That is, if a statute is unambiguous, we need not apply additional principles of statutory construction. See, e.g., *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-5937, at ¶ 31 ("Because the language of [the statute] is clear, it is

not necessary to resort to other means of interpretation"); *Watters v. Ross Cty. Children's Servs.* (Feb. 18, 2000), 4th Dist. Nos. 99CA9 and 99CA12, 2000 WL 228254.

**{¶ 19}** Here, despite the presumption of constitutionality, we agree with *Havel*. See also *Myers* at ¶ 17 ("[I]nsofar as R.C.2315.21(B) mandates bifurcation, it is unconstitutional, because it violates Section 5(B), Article IV of the Ohio Constitution"). In our view, "the legislative intent is clear from the statute: R.C. 2315.21(B) plainly and unambiguously regulates the procedure at trial for determining compensatory and punitive damages in a tort action." *Havel*, 2010-Ohio-5251, at ¶ 29. Thus, we find that R.C. 2315.21(B) is procedural and, therefore, unconstitutional.

**{¶ 20}** Because we agree with *Havel*, we also find the following: "[T]he mandatory bifurcation language of R.C. 2315.21(B) is unconstitutional because it purports to legislate a strictly procedural matter already addressed by the Civil Rules. It is readily apparent that the language of R.C. 2315.21(B) regarding bifurcation of the damages portion of a trial does not 'grant a right or impose a duty that gives rise to a cause of action,' or even relate to those rights. Instead, the statute clearly and unambiguously specifies 'the machinery for carrying on the suit' by telling courts the 'procedural prioritization' for determining compensatory and punitive damages at trial. Furthermore, it purports to tell courts what evidence a jury may consider, and when— another area governed by the Civil and Evidence Rules." *Havel*, 2010-Ohio-5251, at ¶ 27. We further agree that R.C. 2315.21(B) "gives defendants no additional rights, but sets out the procedural rules whereby courts can better protect the rights to a jury and to due process that the parties have always possessed." *Myers,* 2011-Ohio-892, at ¶ 16.

**{¶ 21}** Finally, because the legislative intent is clear from the plain language of R.C. 2315.21(B), it would be improper for us to consider additional means of statutory interpretation. Therefore, we agree that "the Tenth District's determination in *Hanners,* reached by reference to sources other than this clear and unambiguous statute, conflicts with well-settled rules of statutory construction." *Havel* at ¶ 29.

**{¶ 22}** Accordingly, we sustain Fleenor's two assignments of error and reverse the judgment of the trial court. We remand this cause to the trial court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

ABELE, J., concurs.

MCFARLAND, J., dissents.

_____