[Cite as *Fleenor v. Karr*, 2012-Ohio-3402.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

| | | |
|---|---|---|
| RAE L. FLEENOR, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No: 10CA814 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| SHARON H. KARR, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellee. | : | Filed: July 24, 2012 |

---

APPEARANCES:

Jason Shugart and D. Dale Seif, Jr., Seif & Shugart, LLC, Waverly, Ohio, for Appellant.

Stephen C. Rodeheffer, Rodeheffer and Miller, Ltd., Portsmouth, Ohio, for Appellee.

---

Kline, J.:

{¶1} This case is on remand from the Supreme Court of Ohio, which reversed the decision we made in *Fleenor v. Karr*, 196 Ohio App.3d 555, 2011-Ohio-5706, 964 N.E.2d 480 (4th Dist.). *See Fleenor v. Karr*, --- Ohio St.3d ----, 2012-Ohio-1578, --- N.E.2d ----. On remand, the Supreme Court of Ohio has instructed us to apply *Havel v. Villa St. Joseph*, 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270. *See Fleenor*, 2012-Ohio-1578, at ¶ 1. Accordingly, we now find that R.C. 2315.21(B) is constitutional, and we affirm the judgment of the trial court.

I.

{¶2} On September 28, 2007, Rae L. Fleenor (hereinafter "Fleenor") filed a complaint against Sharon H. Karr (hereinafter "Karr"). After Fleenor requested punitive

damages, Karr filed a motion to "bifurcate the trial on damages in accordance with R.C. §2315.21." Specifically, Karr requested that "the initial phase of the trial in this matter deal solely with the issues of liability and compensatory damages, if any. [And] in the event the jury returns a verdict as required in §2315.21(B)(1)(b)[,] that the issue of punitive damages be tried in a second stage." Eventually, the trial court granted Karr's motion to bifurcate.

{¶3} Fleenor appeals from the trial court's decision to bifurcate the trial in accordance with R.C. 2315.21(B). In her appellate brief, Fleenor asserts the following two assignments of error: I. "The trial court committed reversible error by holding R.C. §2315.21(B)(1) is constitutional, when R.C. §2315.21(B)(1) eliminates the judicial discretion whether to bifurcate a trial into two phases pursuant to Civ.R.42(B) under the authority of the Modern Courts Amendment of 1968, Section 5(B), and Article IV of the Ohio Constitution." And II. "The trial court committed reversible error by violating Ohio's separation of powers doctrine when the Court determined the procedural matter of bifurcation of trial was governed by R.C. §2315.21(B)(1) instead of Civ.R. 42(B)."

II.

{¶4} In our first *Fleenor* opinion, we found "that R.C. 2315.21(B) is procedural and, therefore, unconstitutional." *Fleenor*, 196 Ohio App.3d 555, 2011-Ohio-5706, 964 N.E.2d 480, at ¶ 19. As a result, we sustained Fleenor's assignments of error and reversed the trial court's judgment. *Id.* at ¶ 22. The Supreme Court of Ohio, however, found the following:

> R.C. 2315.21(B) creates a substantive right to bifurcation in
>
> tort actions when claims for compensatory and punitive

damages have been asserted. Thus, R.C. 2315.21(B) creates, defines, and regulates a substantive, enforceable right to separate stages of trial relating to the presentation of evidence for compensatory and punitive damages in tort actions and therefore takes precedence over Civ.R. 42(B) and does not violate the Ohio Constitution, Article IV, Section 5(B). *Havel*, 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270, at ¶ 36.

**{¶5}** The Supreme Court of Ohio has instructed us to apply *Havel*. *See Fleenor*, --- Ohio St.3d ----, 2012-Ohio-1578, --- N.E.2d ----, at ¶ 1. Accordingly, we now find that R.C. 2315.21(B) is substantive and, therefore, constitutional. As a result, we overrule Fleenor's assignments of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and McFarland, J.:  Concur in Judgment & Opinion.


For the Court


BY:_____
       Roger L. Kline, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**