[Cite as *Myers v. Brown*, 192 Ohio App.3d 670, 2011-Ohio-892.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| MYERS, | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Appellee, | : | Hon. Julie A. Edwards, J. |
| | : | |
| -v- | : | |
| | : | Case No. 2010-CA-00238 |
| BROWN; AMCO Insurance Company, | : | |
| | : | |
| Appellant. | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
Common Pleas, Case No. 2009CV03124

JUDGMENT:                              Affirmed

DATE OF JUDGMENT ENTRY:     February 22, 2011

APPEARANCES:

The Okey Law Firm and Steven P. Okey; and Joyce Kimbler, for appellee.

Ralph F. Dublikar and Eric J. Stecz, for appellant.

GWIN, Presiding Judge.

{¶ 1} Defendant-appellant AMCO Insurance Company appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which overruled its motion to bifurcate plaintiff-appellee Louise A. Myers's claim for punitive damages from her claim for compensatory damages. Appellant assigns a single error to the trial court:

{¶ 2} "I. The trial court committed reversible error when it denied appellant's motion to bifurcate plaintiff's punitive damages claim pursuant to R.C. 2315.21(B)."

{¶ 3} The record indicates that this case arose out of a traffic accident. Appellee alleged that defendant David L. Brown[1] caused an accident while under the influence of alcohol and/or drugs, which resulted in personal injury to her. She alleged that Brown acted in malice, hatred, ill-will, a spirit of revenge, and/or a conscious disregard for the rights and safety of other persons, and she sought punitive damages. Her claim against appellant AMCO is for uninsured/underinsured-motorist coverage and medical-payment coverage. Appellant AMCO has filed a cross-claim against Brown for indemnification if appellee prevails on her claims against it.

{¶ 4} On July 2, 2010, appellant filed a motion to bifurcate the punitive-damages claim from the compensatory-damages claim pursuant to R.C. 2315.21. The court overruled the motion, finding that the case appellant relied on, *Hanners v. Ho Wah Genting Wire & Cable,* Franklin App. No. 09AP-361, 2009-Ohio-6481, was not binding on the trial court, because it arose out of the Tenth District and there was no case law from the Fifth District.

{¶ 5} Appellee relies on a conflicting case out of the Eighth District, *Havel v. Villa St. Joseph,* Cuyahoga App. No. 94677, 2010-Ohio-5251.

{¶ 6} The first question that arises is whether the denial of a motion to bifurcate is a final, appealable order. On this issue, *Hanners* and *Havel* both found that the order is final and appealable. We agree.

---

[1] On October 9, 2009, defendant David Brown moved the trial court to bifurcate the proceedings. The court overruled the motion on October 28, 2009. He renewed his motion on December 21, 2009. When the trial court overruled the motion a second time, he filed an appeal that he subsequently voluntarily dismissed. He filed no notice of appeal in the present case, and although he urges reversal of the trial court's decision, he designates himself an appellee. We will refer to him as a defendant.

2

**{¶ 7}** R.C. 2315.21 (B), as amended effective April 7, 2005, states that in a tort action that will be tried to a jury, if there is a claim for compensatory damages and for punitive and exemplary damages and any party moves for bifurcation, then the trial court shall bifurcate the matter.

**{¶ 8}** This court has jurisdiction to review the final orders or judgments of trial courts pursuant to Section 3(B)(2), Article IV of the Ohio Constitution and R.C. 2501.02. R.C. 2505.02 lists the circumstances under which an order is final. Subsection 6 is the provision pertinent here: "An order determining the constitutionality of any changes to the Revised Code * * * made by S.B. 80 of 125th General Assembly, including the amendments of Section[ ] * * * 2315.21 of the Revised Code."

**{¶ 9}** Both the *Hanners* court and the *Havel* court found that a trial court's order denying a motion to bifurcate implicitly determines that the mandatory bifurcation language in R.C. 2315.21(B) is unconstitutional. *Hanners,* 2009-Ohio-6481, at ¶ 13; *Havel*, 2010-Ohio-5251, at ¶ 19.

**{¶ 10}** We find that the order appealed from implies that the bifurcation language in the statute is unconstitutional, although it does not state so expressly. We conclude that we have jurisdiction to review the matter.

**{¶ 11}** R.C. 2315.21(B) makes bifurcation of a tort action mandatory if there are claims for both compensatory and punitive and exemplary damages and if any party requests it. By contrast, Civ.R. 42 (B) provides that a court may order a separate trial of a claim, cross-claim, counterclaim, or third-party claim or of any separate issue or of any number of claims. Thus, the rule expressly vests the trial court with discretion in

deciding whether bifurcation is necessary. The rule contains no exception for tort actions. The statute and the rule are clearly in conflict.

{¶ 12} Section 5(B), Article IV, of the Ohio Constitution gives the Ohio Supreme Court exclusive authority to prescribe rules governing the practice and procedure in all courts of the state. The constitution provides that when a law conflicts with a rule promulgated by the Supreme Court, the law has no force or effect. This section articulates one of the basic concepts of United States jurisprudence, the separation of powers of the judicial and legislative branches. *State ex rel. Loyd v. Lovelady,* 108 Ohio St. 3d 86, 2006-Ohio-161, 840 N.E. 2d 1062.

{¶ 13} If there is a conflict between the rule and the statute, the court's rules prevail on procedural matters, but the legislature's statutes prevail on substantive matters. *State ex rel. Sapp v. Franklin Cty. Court of Appeals,* 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E. 2d 500. Substantive laws or rules relate to rights and duties giving rise to a cause of action, while procedural rules concern the "machinery" for carrying on the suit. *Norfolk S. RR. Co. v. Bogle*, 115 Ohio St.3d 455, 2007-Ohio-5248, 875 N.E. 2d 919, citing *Jones v. Erie RR. Company* (1922), 106 Ohio St. 408, 140 N.E. 366.

{¶ 14} The *Hanners* court found that R.C. 2315.21 (B) is a substantive law because even though it mandates particular procedures for tort actions, the legislative intent was to create and define a defendant's right to ensure that the jury does not inappropriately consider the defendant's misconduct when determining questions of liability or compensatory damages. *Hanners,* 2009-Ohio-6481, at ¶ 28.

4

**{¶ 15}** By contrast, the *Havel* court found that the statute is procedural, because it "plainly and unambiguously regulates the procedure at trial for determining compensatory and punitive damages in a tort action." *Havel,* 2010-Ohio-5251, at ¶ 29. We agree.

**{¶ 16}** We find that R.C. 2315.21 (B) is not substantive, because it does not create or define rights and duties giving rise to a cause of action. The statute gives defendants no additional rights, but sets out the procedural rules whereby courts can better protect the rights to a jury and to due process that the parties have always possessed.

**{¶ 17}** We find that R.C. 2315.21 (B) clearly conflicts with the Supreme Court's rules, and the rule controls. We also conclude that insofar as R.C. 2315.21(B) mandates bifurcation, it is unconstitutional, because it violates Section 5(B), Article IV of the Ohio Constitution.

**{¶ 18}** The assignment of error is overruled.

**{¶ 19}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Judgment affirmed.

FARMER and EDWARDS, JJ., concur.