[Cite as *Plaugher v. Oniala*, 2011-Ohio-1207.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MONICA J. PLAUGHER, et al. | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiffs-Appellees | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| JACOB O. ONIALA, et al. | |
| Defendants | Case No. 2010 CA 00204 |
| And | |
| ETHAN DAVID KNOWLES, | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common
Pleas, Case No. 2009 CV 01992


JUDGMENT:        Affirmed


DATE OF JUDGMENT ENTRY:        March 14, 2011


APPEARANCES:

For Plaintiffs-Appellees        For Defendant-Appellant

VIVIANNE WHALEN        DONALD P. WILEY
MICHAEL D. DEMCHAK        BAKER, DUBLIKAR, BECK,
Suite 206 Belden Village Tower        WILEY & MATHEWS
4450 Belden Village Street, NW        400 South Main Street
Canton, Ohio  44718        North Canton, Ohio  44720

*Wise, J.*

**{¶1}** Appellant Ethan David Knowles appeals from the August 2, 2010, Judgment Entry entered in the Stark County Court of Common Pleas denying Appellant's motion to bifurcate the punitive damages claim from the liability and compensatory damages claims.

**{¶2}** Appellees are Monica J. Plaugher and Gary J. Plaugher.

### STATEMENT OF THE FACTS AND CASE

**{¶3}** On December 10. 2007, Plaintiff-Appellee Monica J. Plaugher was involved in a motor vehicle accident with Defendant-Appellant Ethan Knowles. Knowles vehicle struck Plaugher's vehicle broadside at the intersection of Cleveland Avenue and Mt. Pleasant. Witnesses to the accident stated that it appeared that Knowles accelerated through the red light without even looking in the direction of the traffic light, and that he and his teenage passengers were engaged in horseplay.

**{¶4}** Plaugher brought a personal injury action against Knowles. In addition to seeking compensation for personal injuries caused by the motor vehicle accident, the complaint also alleges that Knowles engaged in such conduct so as to qualify for an award of punitive damages.[1]

**{¶5}** This matter was scheduled for trial to begin during the week of August 2, 2010.

---

[1] Appellee's Complaint also included personal injury claims against Jacob Oniala resulting from a separate automobile collision. No punitive damages claims were asserted against Oniala. Both injury claims were scheduled to be tried together.

**{¶6}** On July 26, 2010, Appellant Knowles filed a motion to bifurcate the punitive damages claim from the claims for compensatory damages. Appellees filed a memorandum in opposition on the same day.

**{¶7}** By Judgment Entry filed August 2, 2010, the trial court denied Appellant Knowles' motion to bifurcate.

**{¶8}** It is from this decision that Appellant now appeals, raising the following assignment of error for review:

## ASSIGNMENT OF ERROR

**{¶9}** "I. DOES R.C. §2315.21(B) (AS AMENDED BY SB 80 – EFFECTIVE APRIL 7, 2005) SUBSTANTIVELY CONFLICT WITH CIVIL RULE 42(B) SO AS TO VIOLATE ARTICLE IV, §5(B) OF THE OHIO CONSTITUTION?"

## I.

**{¶10}** In Appellant's sole assignment of error, Appellant contends that the trial court erred in denying his motion to bifurcate. We disagree.

**{¶11}** Appellant herein relies on a Tenth District case, *Hanners v. Ho Wah Genting Wire & Cable,* Franklin App. No. 09AP-361, 2009-Ohio-6481, for the proposition that the trial court's refusal to apply R.C. §2315.21(B) because of a conflict with a civil rule amounts to a declaration of unconstitutionality.

**{¶12}** This Court recently reviewed this exact issue in *Myers v. Brown*, Stark App.No. 2010-CA-00238, 2011-Ohio-_____, wherein we found that R.C. §2315.21 (B) insofar as it mandates bifurcation, is unconstitutional because it violates Section 5 (B) Article IV of the Ohio Constitution.

**{¶13}** In reaching this decision, this Court found:

{¶14} "R.C. 2315.21 (B) makes bifurcation of a tort action mandatory if there are claims for both compensatory and punitive and exemplary damages and if any party requests it. By contrast, Civ.R. 42 (B) provides a court may order a separate trial of a claim, cross-claim, counterclaim or third-party claim or of any separate issue or of any number of claims. Thus, the Rule expressly vests the trial court with discretion in deciding whether bifurcation is necessary. The Rule contains no exception for tort actions. The statute and Rule are clearly in conflict.

{¶15} "The Ohio Constitution, Section 5 (B), Article IV gives the Ohio Supreme Court exclusive authority to prescribe rules governing the practice and procedure in all courts of the state. The Constitution provides where a law conflicts with a rule promulgated by the Supreme Court, the law has no force or effect. This section articulates one of the basic concepts of United States jurisprudence, the separation of powers of the judicial and legislative branches. *State ex rel. Loyd v. Lovelady,* 108 Ohio St. 3d 86, 2006-Ohio-161, 840 N.E. 2d 1062.

{¶16} "If there is a conflict between the Rule and the statute, the court's Rules prevail on procedural matters, but the legislature's statutes prevail on substantive matters. *State ex rel. Sapp v. Franklin County Court of Appeals,* 118 Ohio St. 3d 368, 2008-Ohio-2637, 889 N.E. 2d 500. Substantive laws or rules relate to rights and duties giving rise to a cause of action, while procedural rules concern the "machinery" for carrying on the suit. *Norfolk Southern Railroad Company v. Bogle*, 115 Ohio St. 3d 455, 2007-Ohio-5248, 875 N.E. 2d 919, citing *Jones v. Erie Railroad Company* (1922), 106 Ohio St. 408, 140 N.E. 366.

**{¶17}** "The *Hanners* court found R.C. 2315.21 (B) is a substantive law because even though it mandates particular procedures for tort actions, the legislative intent was to create and define a defendant's right to insure the jury does not inappropriately consider the defendant's misconduct when determining questions of liability or compensatory damages. *Hanners,* supra, at paragraph 28.

**{¶18}** "By contrast, the *Havel*[2] court found the statute is procedural, because it "plainly and unambiguously regulates the procedure at trial for determining compensatory and punitive damages in a tort action" *Havel* at paragraph 29. We agree.

**{¶19}** "We find R.C.2315.21 (B) is not substantive, because it does not create or define rights and duties giving rise to a cause of action. The statute gives defendants no additional rights, but sets out the procedural rules whereby courts can better protect the rights to a jury and to due process that the parties have always possessed.

**{¶20}** "We find R.C. 2315.21 (B) clearly conflicts with the Supreme Court's Rules and the Rule controls. We also conclude insofar as R.C. 2315.21 (B) mandates bifurcation, it is unconstitutional, because it violates Section 5 (B) Article IV of the Ohio Constitution."

---

[2] *Havel v. Villa St. Joseph,* Cuyahoga App. No. 94677, 2010-Ohio-5251.

**{¶21}** Based on this Court's decision in *Myers*, supra, we hereby affirm the decision of the trial court.

**{¶22}**  Appellant's sole assignment of error is overruled.

**{¶23}** For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.


By: Wise, J.

Farmer, J.  and

Edwards, J. concur

_____

_____

_____

JUDGES

JWW/d 0228

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

MONICA J. PLAUGHER, et al. :
:
    Plaintiffs-Appellees :
:
-vs- : JUDGMENT ENTRY
:
JACOB O. ONIALA, et al. :
:
    Defendants :
:
and :
:
ETHAN DAVID KNOWLES :
:
    Defendant-Appellant : Case No. 2010 CA 00204

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

JUDGES