[Cite as *Hill v. Steel Ceilings, Inc.*, 2011-Ohio-6040.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DANIEL HILL | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| STEEL CEILINGS, INC. | : | Case No. 11-CA-38 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 09CV2064


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        November 18, 2011


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

MARK E. DEFOSSEZ        MARIBETH DEAVERS
CURTIS M. FIFNER        250 East Broad Street
495 South High Street        Suite 900
Suite 300        Columbus, OH  43215
Columbus, OH  43215

*Farmer, J.*

{¶1} On December 2, 2009, appellee, Daniel Hill, filed a complaint against appellant, Steel Ceilings, Inc., claiming an intentional tort for a workplace accident. Appellee's fingers were crushed while operating a panel bending machine at work.

{¶2} On February 4, 2011, appellant filed a motion to bifurcate the trial pursuant to Civ.R. 42(B) and R.C. 2315.21(B). Appellant sought to bifurcate the liability and damages portions of the trial and the compensatory and punitive damages portions of the trial. A hearing was held on March 16, 2011. By judgment entry filed March 22, 2011, the trial court denied the motion.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error is as follows:

I

{¶4} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION OF DEFENDANT STEEL CEILINGS, INC. TO BIFURCATE THE TRIAL UNDER CIV. R. 42(B)."

II

{¶5} "THE TRIAL COURT ERRED IN DENYING THE MOTION OF DEFENDANT STEEL CEILINGS, INC. UNDER R.C. §2315.21(B)."

I

{¶6} Appellant claims the trial court erred in denying its request to bifurcate the liability portion of the intentional tort claim from the damages portion pursuant to Civ.R. 42(B). We disagree.

{¶7} Appellee suggests that a denial of a Civ.R. 42(B) motion is not a final appealable order because it does not affect a substantive right. In *Myers v. Brown,* 192 Ohio App.3d 670, 2011-Ohio-892, ¶9-10, this court found the following:

{¶8} "Both the *Hanners* [*v. Ho Wah Genting Wire & Cable SDN BHD,* Franklin App. No. 09AP-361, 2009-Ohio-6481] court and the *Havel* [*v. Villa St. Joseph,* Cuyahoga App. No. 94677, 2010-Ohio-5251] court found a trial court's order denying a motion to bifurcate implicitly determines that the mandatory bifurcation language in R.C. 2315.21(B) is unconstitutional. *Hanners,* supra, at paragraph 13; *Havel,* supra, at paragraph 19.

{¶9} "We find that the order appealed from implies the bifurcation language in the statute is unconstitutional, although it does not state so expressly. We conclude we have jurisdiction to review the matter."

{¶10} Without suggesting error in this decision, in the interest of judicial economy, we will address the trial court's denial.

{¶11} A trial court's decision to grant or deny bifurcation of trial under Civ.R. 42(B) rests with the trial court's sound discretion. *Garg v. State Automobile Mutual Insurance Co.,* 155 Ohio App.3d 258, 2003-Ohio-5960. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶12} In its judgment entry filed March 22, 2011, the trial court reviewed the arguments of both parties and specifically found bifurcation under Civ.R. 42(B) was not necessary:

{¶13}  "In the Court's view, counsel will be able to present clear argument so as to alleviate any possible confusion or prejudice.  The jury will also receive the benefit of proper and adequate instruction from the Court that will aid them in properly determining the issues of liability and any potential damages.  For these reasons, the first aspect of Defendant's motion to bifurcate under Rule 42 is denied."

{¶14}  After reviewing the arguments herein, we cannot find the trial court's decision rose to any level of an abuse of discretion.

{¶15}  Assignment of Error I is denied.

II

{¶16}  Appellant claims the trial court erred in denying its request for bifurcation pursuant to R.C. 2315.21(B).  Appellant invites this court to reverse our previous rulings in light of *Hanners,* supra.  We are not so inclined and disagree with appellant's position.

{¶17}  In *Myers,* supra, at ¶14-17, this court stated the following relative to *Hanners* and R.C. 2315.21(B):

{¶18}  "The *Hanners* court found that R.C. 2315.21(B) is a substantive law because even though it mandates particular procedures for tort actions, the legislative intent was to create and define a defendant's right to ensure that the jury does not inappropriately consider the defendant's misconduct when determining questions of liability or compensatory damages.  *Hanners,* supra, at paragraph 28.

{¶19}  "By contrast, the *Havel* court found that the statute is procedural, because it 'plainly and unambiguously regulates the procedure at trial for determining compensatory and punitive damages in a tort action.'  *Havel* at paragraph 29.  We agree.

{¶20} "We find that R.C. 2315.21(B) is not substantive, because it does not create or define rights and duties giving rise to a cause of action. The statute gives defendants no additional rights, but sets out the procedural rules whereby courts can better protect the rights to a jury and to due process that the parties have always possessed.

{¶21} "We find that R.C. 2315.21(B) clearly conflicts with the Supreme Court's Rules, and the Rule controls. We also conclude that insofar as R.C. 2315.21(B) mandates bifurcation, it is unconstitutional, because it violates Section 5(B), Article IV of the Ohio Constitution."

{¶22} This court recently reaffirmed this decision in *Plaugher v. Oniala*, Stark App. No. 2010 CA 00204, 2011-Ohio-1207.

{¶23} Assignment of Error II is denied.

{¶24} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.


                                         s/ Sheila G. Farmer_____


                                         s/ William B. Hoffman_____


                                         s/ Patricia A. Delaney_____

SGF/sg 1028                                              JUDGES

[Cite as *Hill v. Steel Ceilings, Inc.*, 2011-Ohio-6040.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DANIEL HILL | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| STEEL CEILINGS, INC. | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-0038 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ Patricia A. Delaney_____

JUDGES