FLYNN ET AL., APPELLEES, *v.* FAIRVIEW VILLAGE RETIREMENT

COMMUNITY, LTD. ET AL., APPELLANTS, ET AL.

[Cite as *Flynn v. Fairview Village Retirement Community, Ltd.*,

132 Ohio St.3d 199, 2012-Ohio-2582.]

*Appellate procedure—Final orders—Denial of motion to bifurcate trial pursuant*

*to R.C. 2315.21(B)—R.C. 2505.02(B)(6).*

(No. 2010-1881—Submitted October 4, 2011—Decided June 14, 2012.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 95695.

_____

**Per Curiam.**

{¶ 1} Appellants, defendants in a tort action instituted by appellees, executors of a decedent's estate, appeal from a judgment of the court of appeals dismissing their appeal from a judgment of the Cuyahoga County Court of Common Pleas denying their motions to bifurcate the trial pursuant to R.C. 2315.21(B), for lack of a final, appealable order. Because the court of appeals erred in dismissing the appeal, we reverse the judgment of the court of appeals and remand the cause for application of *Havel v. Villa St. Joseph*, 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270.

**Facts**

{¶ 2} In January 2010, appellees, John T. Flynn and Judy Gordon, executors of the estate of Gladys F. Feran, deceased, filed a complaint in the Cuyahoga County Court of Common Pleas against appellants, Fairview Village Retirement Community, Ltd., d.b.a. Lakewood Village Retirement Community, Saber Healthcare Group, L.L.C., and Saber Management, Inc., as well as Michael Francus and several unknown entities and individuals. Appellees' complaint alleged negligence, violation of the Ohio Nursing Home Patients' Bill of Rights,

violation of federal law under C.F.R. Title 42, wrongful death, and falsification of medical records. Appellees demanded compensatory and punitive damages.

{¶ 3} Appellants filed motions to bifurcate the trial to separate appellees' claims for compensatory damages from their claims for punitive damages, pursuant to R.C. 2315.21(B)(1). The common pleas court denied the motions.

{¶ 4} Appellants appealed the common pleas court's denial of their motions to bifurcate, and the court of appeals sua sponte dismissed their appeal for lack of a final, appealable order under R.C. 2505.02. The court of appeals cited *Finley v. First Realty Property Mgt., Ltd.*, 9th Dist. No. 23355, 2007-Ohio-2888. We accepted appellants' appeal from that judgment, 127 Ohio St.3d 1531, 2011-Ohio-376, 940 N.E.2d 985, and the parties submitted briefs and oral argument.

**Legal Analysis**

{¶ 5} Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals "shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or *final orders* of the courts of record inferior to the court of appeals within the district." (Emphasis added.) *See State ex rel. Bates v. Court of Appeals for the Sixth Appellate Dist.*, 130 Ohio St.3d 326, 2011-Ohio-5456, 958 N.E.2d 162, ¶ 14. "R.C. 2505.03(A) limits the appellate jurisdiction of courts of appeals to the review of final orders, judgments, or decrees." *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, 865 N.E.2d 1289, ¶ 44. An order must satisfy the criteria of R.C. 2505.02 to constitute a final, appealable order. *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 15.

{¶ 6} Under R.C. 2505.02(B)(6), an order is a final, appealable order if it is "[a]n order determining the constitutionality of * * * any changes made by Sub.S.B. 80 of the 125th general assembly, including the amendment of section[]

* * * 2315.21 of the Revised Code." Am.Sub.S.B. No. 80, 150 Ohio Laws, Part V, 7915, 7969 ("S.B. 80"), amended R.C. 2315.21(B) in 2004 to require a trial court, on motion of any party, to bifurcate a tort action to allow presentation of the claims for compensatory and punitive damages in separate stages. *Havel*, 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270, ¶ 13. By contrast, Civ.R. 42(B) vests discretion in a trial court to order a separate trial of any claims or issues in civil actions. *Id.* at ¶ 14.

**{¶ 7}** By denying appellants' motions to bifurcate under R.C. 2315.21(B), the trial court implicitly determined that the S.B. 80 amendment to the statutory provision is unconstitutional, i.e., that Civ.R. 42(B) prevails over the conflicting statutory provision. *See Hanners v. Ho Wah Genting Wire & Cable SDN BHD*, 10th Dist. No. 09AP-361, 2009-Ohio-6481, ¶ 13; *Havel v. Villa St. Joseph*, 8th Dist. No. 94677, 2010-Ohio-5251, ¶ 19, *reversed on other grounds*, 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270; *Myers v. Brown*, 192 Ohio App.3d 670, 2011-Ohio-892, 950 N.E.2d 213 (5th Dist.), ¶ 6-10, *reversed on other grounds*, 132 Ohio St.3d 17, 2012-Ohio-1577, 967 N.E.2d 1212. Notably, the court of appeals' lone case citation in support of its dismissal was a case that discussed whether an order to bifurcate a civil trial pursuant to Civ.R. 42(B) constituted a final, appealable order and did not consider the applicability of R.C. 2505.02(B)(6). *Finley*, 2007-Ohio-2888, at ¶ 11-12.

**{¶ 8}** Therefore, consistent with the foregoing precedent, we hold that the trial court's order denying appellants' motions under R.C. 2315.21(B) to bifurcate the trial into separate stages for appellees' claims for compensatory damages and punitive damages constituted a final, appealable order pursuant to R.C. 2505.02(B)(6).

## Conclusion

**{¶ 9}** The court of appeals erred in dismissing the appeal for lack of a final, appealable order. The judgment of the court of appeals is reversed, and the

cause is remanded to the court of appeals for application of *Havel*, 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER, J., dissents and would affirm the judgment of the court of appeals.

_____

Seaman Garson, L.L.C., David H. Krause, and Joyce E. Carlozzi, for appellees.

Poling & Petrello, Brant E. Poling, and Paul-Michael La Fayette, for appellants.

Elk & Elk Co., L.P.A., Peter D. Traska, and Ryan M. Harrell, urging affirmance for amicus curiae Ohio Association for Justice.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, and Elisabeth A. Long, Deputy Solicitor, urging reversal for amicus curiae the state of Ohio.

Chester, Willcox & Saxbe, L.L.P., Geoffrey E. Webster, and Gerhardt A. Gosnell II, urging reversal for amicus curiae Ohio Academy of Nursing Homes, Inc.

Rolf & Goffman Co., L.P.A., Robert C. Pivonka, and Christopher G. Kuhn, urging reversal for amicus curiae Ohio Health Care Association.

_____