[Cite as *Nationwide Mut. Fire Ins. Co. v. Jones*, 2016-Ohio-513.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| Nationwide Mutual Fire Insurance Company | : | |
| | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 15CA3709 |
| | : | |
| v. | : | |
| | : | |
| Mark Jones, et al. | : | **ENTRY** |
| | : | |
| Defendants-Appellees. | : | |
| | : | **RELEASED: 2/9/2016** |

_____

HARSHA, A.J.

Appellees Mark and Erica Jones filed a motion to dismiss this appeal on the ground that the entry being appealed is not a final appealable order. Appellant Nationwide Mutual Fire Insurance Company opposes the motion. We conclude we have jurisdiction over the part of the trial court's order that denies Nationwide's motion to stay discovery and permits discovery of privileged communications and work product; but we lack jurisdiction over the part of the trial court's order that grants Nationwide's motion to bifurcate. Therefore we, **GRANT** in part, and **DENY** in part, Appellees' motion to dismiss.

I. PROCEDURAL CONTEXT

Nationwide filed a declaratory judgment action against its insureds Mark and Erica Jones after a fire damaged the Joneses' property. Nationwide alleged that the Joneses made material misrepresentations in the presentation of their claims and there

is no coverage under policy provision governing concealment, misrepresentation, arson, etc. The Joneses filed a counterclaim alleging bad faith and seeking punitive damages. Nationwide filed a motion to bifurcate the bad faith and punitive damages claims and to stay discovery on them, or alternatively for a protective order under Civ.R 26(C) to prevent the disclosure of privileged materials. Nationwide argued that in developing their bad faith/punitive damages case, the Joneses sought discovery of privileged, attorney-client communications and attorney work-product, as well as the deposition of Nationwide's trial counsel, who was involved in the claim investigation.   Because Nationwide contends the disclosure of these privileged materials would prejudice it, Nationwide sought a stay of discovery on the bad faith/punitive damages claims until the coverage case concluded.

In support of its motion Nationwide included trial counsel's affidavit, which explained his involvement in the claim investigation and declaratory judgment action. Counsel stated that the Joneses had "directly requested my communications with Nationwide, which are protected from discovery by the attorney-client privilege. Defendants also seek to discover documents and information comprising my thoughts, impressions, analysis, and advice – all of which are protected by the attorney work product doctrine and Civil Rule 26." (Nationwide Brief, A-4, ¶ 2 – 3)

The trial court granted Nationwide's motion in part and ordered the bifurcation of the declaratory judgment/contract claims from the bad faith/punitive damages claims. The court ordered the phases to be "tried back-to-back, one right after the other, and the jury shall remain the same." (Order and Decision, p.1) The trial court denied

Nationwide's request for a stay of discovery.  The trial court did not expressly address Nationwide's request for a Civ.R. 26(C) protective order, but implicitly denied it, using expansive language in the order permitting discovery of privileged attorney communications and attorney work product.

Nationwide appealed both the limited granting of its motion to bifurcate and the denial of its motion to stay discovery.  Nationwide contends that the trial court erred by improperly and ineffectively bifurcating the declaratory judgment/contract claims from the bad faith/punitive damages claims, and by allowing discovery of privileged materials and work product. The Joneses filed a motion to dismiss, arguing that neither an order denying a stay of discovery nor the order granting bifurcation are final, appealable orders.

## II.  LAW AND ANALYSIS

It is well established that an order must be final before an appellate court has jurisdiction to review its merits. *See* Section 3(B)(2), Article IV of the Ohio Constitution; *General Acc. Ins. Co. v. Insurance Co. of North America*, 44 Ohio St. 3d 17, 20, 540 N.E.2d  266 (1989). If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and must dismiss the appeal. *Lisath v. Cochran*, 4th Dist. No. 92CA25, 1993 WL 120627 (Apr. 15, 1993); *In re Christian*, 4th Dist. No. 1507, 1992 WL 174718 (July 22, 1992).

## A.  DISCOVERY ORDER

Generally, discovery rulings are interlocutory orders that are not final and appealable because any harm in an erroneous ruling is correctable on appeal at the

conclusion of the entire case. *Walters v. Enrichment Center of Wishing Well, Inc.*, 78

Ohio St. 3d 118, 1997-Ohio-232, 676 N.E.2d 890, 893. However, R.C. 2505.02(B)(4)

defines a final order as:

> An order that grants or denies a provisional remedy and to which both of
> the following apply:
>
> (a) The order in effect determines the action with respect to the provisional
> remedy and prevents a judgment in the action in favor of the appealing
> party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective
> remedy by an appeal following final judgment as to all proceedings,
> issues, claims, and parties in the action.

R.C. 2505.02(A)(3) defines a "provisional remedy" as a remedy sought in a "proceeding

ancillary to an action, including, but not limited to, a proceeding for a preliminary

injunction, attachment, *discovery of a privileged matter*, * * * ." (Emphasis added).

Therefore, if a trial court orders a party to disclose privileged material, the entry is a final

appealable order pursuant to R.C. 2505.02(A)(3) and (B)(4). *Briggs v. Mt. Carmel

Health Sys.,* 10th Franklin Dist. No. 07AP-251, 2007-Ohio-5558. Consequently, first we

must determine whether the trial court ordered the disclosure of privileged information. If

it does, next we determine if the order meets the requirements of R.C. 2505.02(B)(4)(a)

and (b).

Nationwide contends that the order denying its motion for a stay of discovery is a

final, appealable order because it expressly allows the discovery of its privileged

communications and work product. It argues that the order meets both R.C.

2505.02(B)(4)(a) and (b) because it determines the action as to the remedy and

Nationwide will not have an effective remedy through an appeal following final

judgment. *See Smith v. Chen*, 142 Ohio St.3d 411, 31 N.E.3d 633, 2015-Ohio-633.

Nationwide contends that the deposition of its trial counsel will lead to the disclosure of

privileged communications and work product and lead to his disqualification because he

would be a material witness. It also contends that the discovery of privileged information

in the claims file will prejudice Nationwide because it would require the disclosure of

privileged material during on-going litigation of the declaratory judgment/contract claims,

i.e. counsel's thoughts and strategies would be revealed while the case was on-going.

Nationwide argues that the release of privileged materials during the ongoing litigation

of the declaratory judgment/contract claims makes an appeal following final judgment

an ineffective remedy, citing *Devito v. Grange Mutual Casualty*, 2013-Ohio-3435, 996

N.E.2d 547 (11th Dist.).

The Joneses concede that an order requiring disclosure of privileged information

is a final, appealable order. However, they contend that the trial court's order does not

order the disclosure of privileged information nor does it identify specific privileged

documents by name, it merely denies a stay of discovery on the bad faith claim. They

argue that the trial court's order only recognizes that the Joneses are entitled to *ask* for

privileged information, not that they are entitled to *receive* it. However, the trial court's

order does not merely allow for the parties to engage in discovery. Rather it expressly

provides for discovery of Nationwide's privileged attorney-client materials, the

deposition of its trial counsel, and the discovery of attorney work product relevant to the

bad faith claim, all prior to the initial stage of trial on the issue of compensatory

damages.

The Joneses also argue that the order properly allows discovery of privileged materials based on *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209, 2001-Ohio-27, 744 N.E.2d 154, which held that "the insured is entitled to obtain, through discovery, claims file documents containing attorney-client communications and work product that may cast light on whether the denial was made in bad faith." However, the question of whether the trial court properly ordered the discovery of privileged communications and attorney work product under *Boone* goes to the underlying merits of the appeal, not to the determination of whether it is a final, appealable order.

The trial court's order denying the stay of discovery of Nationwide's privileged communications and work product is a final appealable order because Nationwide has shown that it determines the motion to stay discovery and renders a postjudgment appeal meaningless or ineffective. *Smith v. Chen, supra* at ¶15; *Devito,* at ¶ 9 ("an order denying a stay of discovery with regard to attorney-client communications or work-product documents relating to a bad-faith denial-of-coverage claim meets the requirements of R.C. 2505.02(B)(4)"). Because we have subject matter jurisdiction over that portion of Nationwide's appeal, we deny the Joneses' motion to dismiss it. We will review Nationwide's first assignment of error when we address the merits of the appeal.

## B.  BIFURCATION ORDER

An order denying a motion to bifurcate under R.C. 2315.21(B)(1) is a final, appealable order because it implicitly determines the statute's constitutionality:

> Under R.C. 2505.02(B)(6), an order is a final, appealable order if it is "[a]n order determining the constitutionality of * * * any changes made by Sub.S.B. 80 of the 125th general assembly, including the amendment of section[ ] * * * 2315.21 of the Revised Code." Am.Sub.S.B. No. 80, 150

> Ohio Laws, Part V, 7915, 7969 ("S.B. 80"), amended R.C. 2315.21(B) in 2004 to require a trial court, on motion of any party, to bifurcate a tort action to allow presentation of the claims for compensatory and punitive damages in separate stages. *Havel*, 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270, ¶ 13. By contrast, Civ.R. 42(B) vests discretion in a trial court to order a separate trial of any claims or issues in civil actions. *Id.* at ¶ 14.
>
> By denying appellants' motions to bifurcate under R.C. 2315.21(B), the trial court implicitly determined that the S.B. 80 amendment to the statutory provision is unconstitutional, i.e., that Civ.R. 42(B) prevails over the conflicting statutory provision. *See Hanners v. Ho Wah Genting Wire & Cable SDN BHD,* 10th Dist. No. 09AP–361, 2009-Ohio-6481, 2009 WL 4698618, ¶ 13; *Havel v. Villa St. Joseph*, 8th Dist. No. 94677, 2010-Ohio-5251, 2010 WL 4308208, ¶ 19, reversed on other grounds, 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270; *Myers v. Brown,* 192 Ohio App.3d 670, 2011-Ohio-892, 950 N.E.2d 213 (5th Dist.), ¶ 6–10, reversed on other grounds, 132 Ohio St.3d 17, 2012-Ohio-1577, 967 N.E.2d 1212. Notably, the court of appeals' lone case citation in support of its dismissal was a case that discussed whether an order to bifurcate a civil trial pursuant to Civ.R. 42(B) constituted a final, appealable order and did not consider the applicability of R.C. 2505.02(B)(6). *Finley*, 2007-Ohio-2888, 2007 WL 1695116, at ¶ 11–12.

*Flynn v. Fairview Village Retirement Community, Ltd.*, 132 Ohio St.3d 199, 200-01, 2012-Ohio-2582, 970 N.E.2d 927, 928-29, ¶¶ 6-7 (2012) ("we hold that the trial court's order denying appellants' motions under R.C. 2315.21(B) to bifurcate the trial into separate stages for appellees' claims for compensatory damages and punitive damages constituted a final, appealable order pursuant to R.C. 2505.02(B)(6)"); *Stewart v. Siciliano*, 2012 -Ohio- 6123, 985 N.E.2d 226, ¶ 11 (11th Dist.) ("we note that the denial of a motion to bifurcate pursuant to R.C. 2315.21(B) is a final appealable order").

The trial court granted Nationwide's motion and bifurcated the declaratory judgment/contract claims from the bad faith/punitive damages claims pursuant to R.C. 2315.21(B)(1), which states:

(B)(1) In a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action shall be bifurcated as follows:

(a) The initial stage of the trial shall relate only to *** whether the plaintiff is entitled to recover compensatory damages for the injury or loss ***.

(b) If the jury determines in the initial stage of the trial that the plaintiff is entitled to recover compensatory damages *** evidence may be presented in the second stage of the trial *** whether the plaintiff additionally is entitled to recover punitive or exemplary damages ***.

Here the trial courts order provides:

According to R.C. 2315.21(B)(1), Nationwide is entitled to a bifurcation of the punitive claims. Trial will be bifurcated into two phases: 1) Declaratory Judgment and Breach of Contract and 2) Bad Faith. The phases will be tried back-to-back, one right after the other, and jury shall remain the same.

Order, p. 1.

The Joneses argue that an order granting bifurcation under R.C. 2315.21(B)(1) is not a final appealable order because only an order denying the motion is final and appealable under R.C. 2505.02(B)(6), citing *Flynn, supra*.

R.C. 2505.02 defines a final order as:

(B)(6) An order determining the constitutionality of any changes to the Revised Code made by *** the amendment of sections *** and 2315.21 of the Revised Code.

Nationwide argues that there are two appellate districts in Ohio that have held that the *failure* to bifurcate a case is immediately appealable; but Nationwide does not address Joneses' argument that an order *granting* a bifurcation is not a final, appealable order. We have found no cases that have held that an order granting bifurcation under R.C. 2315.21(B)(1) is a final appealable order.

Nationwide's appeal raises no error with the trial court's bifurcation of the declaratory judgment/contract claims from the bad faith/punitive damages claims. Instead, Nationwide claims the trial court erred in ordering that the phases will be tried "back-to-back, one right after the other, and jury shall remain the same." But this language does not make an express or implicit determination about the unconstitutionality of R.C. 2315.21(B), as is the case when a trial court denies a motion to bifurcate. *See Flynn, supra.*

Nationwide cites *Devito, supra,* where Grange filed a motion to bifurcate the contract claim from the bad faith claim and for a stay of discovery on the bad faith claim. The trial court granted the motion in part and denied it in part. It bifurcated the claims but allowed discovery on the bad faith claim to proceed. Like the order here, which bifurcated the claims but ordered them tried "back-to-back," the relevant portion of the trial court's order stated, "trial of the bad faith claim shall commence, if necessary, immediately upon the conclusion of the trial of the breach of contract claim." However, unlike Nationwide, Grange did not appeal the portion of the order that bifurcated the claims, even though it provided that the trial of the bad faith claim would begin *immediately upon the conclusion of the trial of the contract claims.* Therefore, the *Devito* court did not need to address whether the portion of the order granting bifurcation was a final, appealable order. In dicta, the court recognized the trial court's desire for efficient, economical resolution of claims and stated that, "once the underlying claims are decided, * * * discovery may proceed on the bad-faith claim in as rapid a manner as the trial court deems appropriate."

Similarly, here if we should ultimately decide in favor of Nationwide on the discovery issue, the trial court may determine that a back-to-back trial of the claims is no longer feasible. However, the inclusion of this language in the bifurcation order in no way "denies" Nationwide's bifurcation motion or calls into question the constitutionality of R.C. 2315.21(B)(1). Therefore that portion of the trial court's order granting bifurcation is not a final, appealable order and we lack jurisdiction over that portion of Nationwide's appeal. We will not review Nationwide's second assignment of error.

The clerk shall serve a copy of this order on all counsel of record at their last known addresses by ordinary mail.

**MOTION TO DISMISS DENIED IN PART AND GRANTED IN PART. APPEAL TO PROCEED IN PART. IT IS SO ORDERED.**

Abele, J. & McFarland, J.: Concur.

**FOR THE COURT**

_____
William H. Harsha
Administrative Judge