[Cite as *Barker v. USAA Gen. Indemn. Co.*, 2026-Ohio-420.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Barker, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 25AP-606 |
| v. | : | (C.P.C. No. 23CV-8860) |
| USAA General Indemnity Company et al., | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 10, 2026

**On brief:** *Mokhtari Law Firm, LLC*, and *Al A. Mokhtari*, for appellant.

**On brief:** *Williams & Finkbine Co., LLC*, and *Arnold Finkbine*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, P.J.

{¶ 1} Plaintiff-appellant, Michael Barker, appeals a decision and entry of the Franklin County Court of Common Pleas compelling him to submit to a neuropsychological examination and granting a sanction for Barker's previous noncompliance with a court order. Because we lack jurisdiction over this appeal, we dismiss it.

{¶ 2} This case arises out of a motor vehicle collision, in which defendant-appellee, Kelly Gray, drove her vehicle into the rear of Barker's vehicle. In his complaint, Barker alleged that as a result of the collision, he suffered significant injuries that caused him "physical pain, mental distress, anxiety, loss of enjoyment of life, physical impairment, and/or functional inability to perform activities of daily living, which injuries may be permanent, as well as other miscellaneous costs, expenses and losses." (Dec. 12, 2023 Compl. at ¶ 6.)

{¶ 3}   On January 31, 2025, Gray filed a motion requesting that the trial court require Barker to submit to two medical examinations pursuant to Civ.R. 35(A). Barker agreed to submit to a one-hour orthopedic examination. However, he filed a motion for a protective order in which he opposed the four-to-eight-hour neuropsychological examination that Gray requested. Barker asked that the trial court deny Gray's motion and grant his motion for a protective order, or set specific (but undefined) parameters for the neuropsychological examination.

{¶ 4}   In an order issued March 13, 2025, the trial court granted Gray's motion for both the orthopedic and neuropsychological examinations of Barker. The trial court also denied Barker's motion for a protective order. Barker did not appeal this order.

{¶ 5}   On June 10, 2025, Gray moved pursuant to Civ.R. 37 for an order compelling Barker to comply with the trial court's earlier order to submit to a neuropsychological examination. In the motion, Gray explained that with Barker's agreement, an appointment with Dr. F. Scott Winstanley was scheduled for April 11, 2025 so Dr. Winstanley could conduct the neuropsychological examination. Barker appeared at the examination with his attorney, and Barker's attorney announced that he intended to observe the examination. Dr. Winstanley explained that the presence of a third-party observer would negatively affect the reliability and validity of the examination. Because Barker's counsel insisted on remaining present, the examination did not take place.

{¶ 6}   Gray, therefore, requested in the motion to compel that the trial court order Barker to submit to the neuropsychological examination without imposing any additional conditions on the examination. Also, Gray requested the imposition of sanctions on Barker for his violation of the March 13, 2025 order and his dilatory conduct in discovery. Barker opposed the motion.

{¶ 7}   In a decision and entry dated July 1, 2025, the trial court granted Gray's motion. The trial court ordered Barker to submit himself again for a neuropsychological examination, without his counsel present and without imposing any additional conditions on the manner in which the examination would be conducted. As a sanction, the trial court ordered Barker to pay the attorney's fees and costs Gray incurred in filing the motion to compel and rescheduling the neuropsychological examination.

{¶ 8} Barker has appealed the trial court's July 1, 2025 decision and entry to this court. Gray, however, moves to dismiss the appeal for lack of subject-matter jurisdiction. Gray argues that the July 1, 2025 decision and entry is not a final, appealable order.

{¶ 9} Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals only "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." R.C. 2505.03(A) restricts the jurisdiction of courts of appeals to the review of final orders, judgments, or decrees. *Flynn v. Fairview Village Retirement Community, Ltd.*, 2012-Ohio-2582, ¶ 5. Thus, if an appealed judgment is not a final order, judgment, or decree, a court of appeals lacks jurisdiction to review it. *Lycan v. Cleveland*, 2016-Ohio-422, ¶ 21.

{¶ 10} R.C. 2505.02(B) sets forth different types of final, appealable orders. To qualify as a final, appealable order, an order must satisfy the criteria of one of these types of final, appealable orders. *Flynn* at ¶ 5. Here, Barker asserts that the trial court's July 1, 2025 decision and entry is a final, appealable order under R.C. 2505.02(B)(4).

{¶ 11} Pursuant to R.C. 2505.02(B)(4), an order is final and appealable if it "grants or denies a provisional remedy" and:

> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

Thus, under R.C. 2505.02(B)(4), to qualify as a "final order," an order must satisfy a three-part test:

> (1) the order must either grant or deny relief sought in a certain type of proceeding—a proceeding that the General Assembly calls a "provisional remedy," (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final

> judgment as to all proceedings, issues, claims, and parties in the action.

*State v. Muncie*, 2001-Ohio-93, ¶ 16.

{¶ 12} A "provisional remedy" is a "proceeding ancillary to an action" and includes proceedings for the "discovery of a privileged matter." R.C. 2505.02(A)(3). In *Myers v. Toledo*, 2006-Ohio-4353, ¶ 25, the Supreme Court of Ohio determined that an order compelling "a physical examination under Civ.R. 35(A) is a discovery order that is not a provisional remedy and is not a final, appealable order under R.C. 2505.02(B)(4)."

{¶ 13} Barker does not address the holding of *Myers*. Rather, Barker argues that the trial court's July 1, 2025 decision and entry is a discovery order that would permit "unwarranted intrusion" into matters protected by the physician-patient privilege under R.C. 2317.02, and thus, the judgment constitutes a provisional remedy. (Appellee's Memo in Opp. at 19.)

{¶ 14} To establish that a discovery order satisfies the provisional-remedy requirement, the appellant must make a colorable claim that the order compels the disclosure of information protected by a privilege. *State v. Glenn*, 2021-Ohio-3369, ¶ 13, 22; *Dineen v. Pelfrey*, 2022-Ohio-2035, ¶ 15 (10th Dist.). Barker's argument that the trial court's July 1, 2025 decision and entry compels disclosure of privileged information reflects his misunderstanding of R.C. 2317.02. Requiring a plaintiff to disclose information about himself or herself in an examination does not implicate the physician-patient privilege in R.C. 2317.02 because "nothing in the statute gives a *patient* the right to refuse to testify about his or her own medical information." (Emphasis in original.) *Ward v. Summa Health Sys.*, 2010-Ohio-6275, ¶ 26. In short, while R.C. 2317.02 prohibits a *physician* from communicating patient information, it does not protect a *patient* from having to disclose his or her own medical information. *Id.* at ¶ 26-27. Consequently, Barker has not made a colorable claim that the trial court's July 1, 2025 decision and entry compels Barker to disclose privileged information. The July 1, 2025 decision and entry, therefore, is neither a provisional remedy nor a final, appealable order under R.C. 2505.02(B)(4).

{¶ 15} For the foregoing reasons, we conclude that the July 1, 2025 decision and entry is not a final, appealable order.  We thus dismiss this appeal for lack of subject-matter jurisdiction.

*Appeal dismissed.*

BEATTY BLUNT and EDELSTEIN, JJ., concur.

———————————